IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN G. RODRIGUEZ, | No. C 14-01108 HRL (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| WARDEN G. D. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a complaint against Pelican Bay State Prison ("PBSP") officials pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claim

Plaintiff claims that Defendant John Doe[1], a dentist at PBSP was not paying attention and "mistakenly" drilled a hole through a cavity and caused a crack in one of Plaintiff's teeth. Plaintiff suffered pain thereafter whenever he ate something hot or cold. After he was transferred to California State Prison, Plaintiff submitted a sick call slip to the prison dentist, who informed him that he needed an operation to repair and save the cracked tooth. Plaintiff claims that even after the operation, the "pain and suffering remain uncurable [sic]." (Compl. at 3-4.) Plaintiff also names Warden G. D. Lewis as a defendant, but makes no factual allegations against him. (Id. at 2.)

In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."

---

[1] Plaintiff would normally be granted leave to amend in order to identify and properly name Defendant for this action to proceed. However, such identification is not necessary as the action is being dismissed for failure to state a claim and an amendment would not cure the deficiencies of this complaint.

1  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

2       Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

     A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). Serious medical needs may include dental health care. See Hunt v. Dental Dep't., 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

     This action must be dismissed because Plaintiff fails to state a claim upon which relief may be granted. Even if we assume all the facts as true and that Plaintiff had a serious medical need, there is no indication that the dentist did a purposeful act or failed

1  to act with respect to Plaintiff's dental health needs. Plaintiff admits that Dentist John
2  Doe properly repaired two other cavities with "satifa[c]tory results." (Compl. at 3.)
3  Plaintiff also admits that the dentist "mistakenly" drilled the hole, which does not indicate
4  a purposeful act. Furthermore, Plaintiff does not allege that he requested a follow-up of
5  Defendant and that the dentist failed to treat the broken tooth. In fact, it was not until
6  Plaintiff was transferred to another prison that he complained of the pain and was
7  provided treatment by a different dentist. Ultimately, the facts do not indicate that the
8  PBSP dentist knew that Plaintiff faced a substantial risk of serious harm and disregarded
9  that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837.
10         At most, the PBSP dentist's action may amount to malpractice or negligence, but
11 such claims are insufficient to make out a violation of the Eighth Amendment. See
12 Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d
13 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see,
14 e.g., McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical
15 condition, without more, does not violate a prisoner's 8th Amendment rights);
16 O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy
17 requests for aspirins and antacids to alleviate headaches, nausea and pains is not
18 constitutional violation; isolated occurrences of neglect may constitute grounds for
19 medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).
20 Accordingly, all the claims against Defendant John Doe are DISMISSED for failure to
21 state a claim upon which relief may be granted.
22         With respect to any claims against Defendant Warden G. D. Lewis, Plaintiff has
23 made no factual allegations that Warden Lewis was either directly involved with his
24 broken tooth or is liable in a supervisory capacity. Under no circumstances is there
25 respondeat superior liability under section 1983. Or, in layman's terms, under no
26 circumstances is there liability under section 1983 solely because one is responsible for
27 the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
28 1989). Furthermore, a supervisor may be liable under section 1983 upon a showing of (1)

personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Because there is no constitutional deprivation by a subordinate, it cannot be said that there is any basis for supervisor liability against Defendant Lewis.

## CONCLUSION

For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

DATED: 6/2/14

HOWARD R. LLOYD
United States Magistrate Judge